** PART II **
III. OMC MUST DEVELOP STANDARDS FOR THE PURCHASE OF PRODUCTS CONSISTENT WITH THE REQUIREMENTS OF 74 O.S. 85. 12 (1991).
IN YOUR THIRD QUESTION YOU ASK WHETHER THE OMC MAY SELECTIVELY CHOOSE VENDORS TO WHOM IT WISHES REQUESTS FOR COMPETITIVE BIDS BE SUBMITTED. BECAUSE OMC HAS BEEN GRANTED AN EXEMPTION FROM THE CENTRAL PURCHASING ACT, IT IS NOT NECESSARY FOR OMC TO COMPLY WITH COMPETITIVE BID REQUIREMENTS. STILL, 74 O.S. 85.12 (1992) SPECIFIES CERTAIN SAFEGUARDS FOR THE STANDARDS DEVELOPED BY THE COMMISSION ON HUMAN SERVICES FOR PURCHASES OF PRODUCTS BY OMC: TO-WIT, "TO ASSURE APPROPRIATE COMPETITION AND ECONOMICAL AND EFFICIENT PURCHASING(.)" (EMPHASIS ADDED.)
THE GOAL OF STATUTORY CONSTRUCTION IS TO SEEK AND GIVE EFFECT TO THE EXPRESSED LEGISLATIVE INTENT. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA. 1982). THERE IS NO ROOM FOR STATUTORY CONSTRUCTION WHEN THE LEGISLATURE PLAINLY EXPRESSES ITS INTENT. HUGHES DRILLING V. MORGAN, 648 P.2D 32 (OKLA.1982).
FROM THE INTENT EXPRESSED IN 74 O.S. 85.12 , IT IS MY OPINION THAT OMC IS NOT REQUIRED TO COMPLY WITH COMPETITIVE BID REQUIREMENTS OF THE CENTRAL PURCHASING ACT AND MAY SELECT ITS VENDOR CONSISTENT WITH THE LIMITATIONS SET FORTH BY THE LEGISLATURE IN THAT SECTION AS DEVELOPED IN THE STANDARDS CREATED BY THE COMMISSION ON HUMAN SERVICES.
IV. STATE EMPLOYEES ARE SUBJECT TO ETHICAL STANDARDS EXPRESSED IN THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200 (1991) ET SEQ.
YOUR FOURTH QUESTION CONCERNS THE PRACTICE OF THE DIRECTOR OF OMC TO ACCEPT FREE TRAVEL AND ACCOMMODATIONS FROM THE UNIVERSITY HOSPITAL CONSORTIUM TO ATTEND MEETINGS OF THE CONSORTIUM AS A MEMBER THEREIN. MEMBERS ARE PROVIDED FREE AIR TRAVEL AND ACCOMMODATIONS AS AN INDUCEMENT TO ATTEND MEETINGS IN ORDER TO MANAGE THE CONSORTIUM.
THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200 (1991) ET SEQ., SETS FORTH ETHICAL STANDARDS FOR STATE OFFICIALS AND EMPLOYEES. 74 O.S. 4241 PROVIDES IN PART:
"A. NO STATE EMPLOYEE SHALL:
 1. DIRECTLY OR INDIRECTLY SOLICIT OR ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. PROVIDED, HOWEVER, THAT THIS SECTION SHALL NOT APPLY TO BONA FIDE CAMPAIGN CONTRIBUTIONS(.)"
WILLFUL VIOLATION OF 74 O.S. 4241 CONSTITUTES A MISDEMEANOR PUNISHABLE BY ME AND/OR IMPRISONMENT. 74 O.S. 4245
IN ADDITION, THE OKLAHOMA SUPREME COURT HAS STRESSED THE NEED FOR STATE EMPLOYEES TO COMPLY WITH BOTH THE LETTER AND THE SPIRIT OF THE LAW. IN WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA.1986), THE COURT STATED:
 "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
WESTINGHOUSE, AT 716.
MOREOVER, THE COURT NOTED THAT IT IS THE:
 "(P)UBLIC POLICY OF THE STATE . . . THAT NO STATE OFFICER OR EMPLOYEE MAY ENGAGE IN ANY TRANSACTION WHICH IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF PUBLIC DUTIES OR PUBLIC INTEREST." (CONFLICT OF INTEREST)
WESTINGHOUSE, AT 718.
HOWEVER, BECAUSE 74 O.S. 4241 IS PENAL IN NATURE, IT MUST BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF AN ACCUSED. SEE GENERALLY, STATE V. HUMPHREY, 620 P.2D 408 (OKL.CR.1980).
IN THE SCENARIO YOU RELATED IN THE MATERIALS SENT TO THIS OFFICE, AN OFFICIAL OF OMC RECEIVES, AS PART OF OMC'S MEMBERSHIP IN THE UNIVERSITY HOSPITAL CONSORTIUM, FREE AIR TRAVEL AND ACCOMMODATIONS TO ATTEND CONSORTIUM MEETINGS RELATED TO OMC'S MEMBERSHIP THEREIN. THIS IS APPARENTLY CONTEMPLATED IN THE DETERMINATION OF THE AMOUNT OF OMC'S MEMBERSHIP DUES IN THE CONSORTIUM AND IS USED AS AN INDUCEMENT TO HAVE THAT OFFICER ATTEND CONSORTIUM MEETINGS IN ORDER TO MANAGE THE CONSORTIUM PROPERLY. FURTHER, IT MAY HAVE BEEN CONTEMPLATED BY THE LEGISLATURE IN ITS ENACTMENT OF 56 O.S. 413(A)(4) WHICH ALLOWS MEMBERS OF OMC'S GOVERNING AUTHORITY OR ITS OFFICERS OR ADMINISTRATORS TO SERVE WITHOUT PAY AS DIRECTORS OR OFFICERS OF ANY AUTHORIZED VENTURE, ORGANIZATION OR PARTNERSHIP.
A STRICT READING OF 74 O.S. 4241 STATES THAT A STATE EMPLOYEE MAY NOT SOLICIT OR ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. WHETHER FREE AIR TRAVEL AND ACCOMMODATIONS WERE GIVEN TO THE OMC OFFICIAL IN QUESTION FOR THE PURPOSE OF INFLUENCING HIM, AND SO VIOLATE 4241, IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED IN AN ATTORNEY GENERAL OPINION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. THE OKLAHOMA MEDICAL CENTER MAY PURCHASE SUPPLIES WITHOUT COMPLYING WITH THE OKLAHOMA CENTRAL PURCHASING ACT;
 2. THE OKLAHOMA MEDICAL CENTER MAY JOIN THE UNIVERSITY HOSPITAL CONSORTIUM PURSUANT TO 56 O.S. 413 (1991), AND SUCH MEMBERSHIP DOES NOT CONSTITUTE A DELEGATION OF PURCHASING AUTHORITY;
 3. THE OKLAHOMA MEDICAL CENTER MAY, PURSUANT TO 74 O.S. 85. 12 (1992), SELECTIVELY CHOOSE VENDORS TO WHOM IT WISHES REQUESTS FOR COMPETITIVE BIDS TO BE SUBMITTED, CONSISTENTLY WITH STANDARDS DEVELOPED BY THE COMMISSION; AND
 4. A STATE EMPLOYEE MAY NOT, PURSUANT TO 74 O.S. 4241 (1991), ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING THAT EMPLOYEE. WHETHER A PARTICULAR STATE EMPLOYEE MAY RECEIVE FROM AN OUTSIDE PART DOING BUSINESS WITH THE OKLAHOMA MEDICAL CENTER, DIRECTLY OR INDIRECTLY, ANY COMPENSATION, GIFT, LOAN, TRAVEL, ENTERTAINMENT, FAVOR, SERVICE, OR PARTICIPATE DIRECTLY OR INDIRECTLY IN A RELATIONSHIP WITH AN OUTSIDE PARTY AS YOU HAVE DESCRIBED
IT SHOULD BE NOTED THAT 51 O.S. 2 (1991), IS IMPLICATED BY THIS QUESTION. THIS SECTION PROVIDES, IN PART, THAT ALL PUBLIC OFFICERS MUST TAKE AND SUBSCRIBE TO AN OATH OF OFFICE WHICH INCLUDES A PROHIBITION THAT THE OFFICER "WILL NOT RECEIVE, USE OR TRAVEL UPON ANY FREE PASS OR ON FREE TRANSPORTATION DURING (HIS) TERM OF OFFICE." HOWEVER BY PUBLIC VOTE. ON SEPTEMBER 9, 1969, THE OATH SET FORTH IN ARTICLE XV , SECTION 1 OF THE OKLAHOMA CONSTITUTION WAS AMENDED SO THAT A SIMILAR PROHIBITION WAS REMOVED. IN A.G. OPIN. NO. 86-148 , THEN ATTORNEY GENERAL TURPEN DETERMINED THAT THIS AMENDMENT MODIFIED 51 O.S. 2 (1991), TO ELIMINATE THE QUOTED PROHIBITION. CONSTITUTES A QUESTION OF FACT FOR WHICH THIS OFFICE CAN PROVIDE NO OPINION.
(JAMES ROBERT JOHNSON)